UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

RALPH HOWARD BLAKELY,

          Plaintiff,

v.

KENNETH H. KATO,

          Defendant.

NO: 2:19-CV-0322-TOR

ORDER OF DISMISSAL

Plaintiff, a prisoner at the Airway Heights Corrections Center, brings this *pro se* action against his formerly retained post-conviction counsel, Defendant Kenneth H. Kato, under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., the Rehabilitation Act of 1973, 29 U.S.C §§ 706(8), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 12102 et seq. The $400.00 filing fee has been paid.

Plaintiff accuses his former counsel of negligence and fraud for taking an advance of $8,500.00 but failing to perfect Plaintiff's claims that he was wrongfully convicted and is actually innocent and to obtain his release. ECF No. 1 at 1-2.

Plaintiff seeks the return of $4,500.00, plus the cost of the filing fee in this action and "monetary injury of prolonged illegal restraint of $50,000.00 per year for cruel and unusual punishment, mental and physical injuries to compensate him for his Eighth Amendment Constitutional rights against vulnerable adult abuse and financial exploitation." *Id.* at 3.

**RULE 12(b)(1)**

The Court has an initial and continuing obligation under Federal Rule of Civil Procedure 12(b)(1) to review and dismiss cases in which the Court lacks subject matter jurisdiction. *See Hagans v. Lavine*, 415 U.S. 528, 543 (1974) (a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"); *Bell v. Hood*, 327 U.S. 678 (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of jurisdiction); *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be dismissed sua sponte before service of process.").

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), superseded by statute on other

grounds as stated in *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc); *Franklin*, 745 F.2d at 1227-28. The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez*, 203 F.3d at 1130–31; *Franklin*, 745 F.2d at 1227.

The facts alleged in a complaint are to be taken as true and must "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Mere legal conclusions "are not entitled to the assumption of truth." *Id.* The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. For the reasons set forth below, the Court finds that the complaint is patently frivolous, implausible, unsubstantial and devoid of merit, depriving the Court of subject matter jurisdiction over this "controversy." Therefore, the Court will dismiss the complaint *sua sponte*.

**RETAINED COUNSEL**

Plaintiff seems to anticipate that a claim against retained counsel would not

state a claim upon which relief may be granted under 42 U.S.C. § 1983 and does not assert a claim under that statutory provision. Section 1983 requires a claimant to prove (1) a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988).

Whether an attorney representing a criminal defendant is privately retained, a public defender, or court-appointed counsel, he does not act under color of state law. *See Polk County v. Dodson,* 454 US. 312, 325 (1981), *holding limited on other grounds by West v. Atkins,* 487 U.S. 42 (1988); *Miranda v. Clark County Nevada*, 319 F.3d 465,468 (9th Cir. 2003) (*en banc*) (even assuming a public defender who subpoenaed no witnesses and mounted no defense provided deficient representation, he was acting in the traditional lawyer role and would not be considered a state actor). Instead, Plaintiff claims his retained counsel violated the ADA, Rehabilitation Act and the ADEA.

Even construing Plaintiff's Complaint liberally to allege professional malpractice or fraud, the Court does not have jurisdiction because there is no diversity of citizenship between the parties under 28 U.S.C. § 1332.

**AMERICANS WITH DISABILITIES ACT/REHABILITATION ACT**

Title II of the ADA, which applies to prisoners, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from

participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Analysis of the ADA and the Rehabilitation Act are essentially the same. *See Duffy v. Riveland,* 98 F.3d 447, 455 (9th Cir. 1996).

"To state a claim under Title II of the ADA, the plaintiff must allege: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability." *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1021 (9th Cir. 2010) (*citing McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004). Even if the Court assumed that Plaintiff is a qualified individual with a disability, retained counsel is not a "public entity." Furthermore, individuals cannot be held liable for damages under the ADA. *See Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037-38 (9th Cir. 2006). Consequently, Plaintiff fails to sufficiently allege either an ADA or a Rehabilitation Act claim, and these claims are subject to dismissal.

### AGE DISCRIMINATION IN EMPLOYEMENT ACT

A plaintiff establishes a prima facie case of age discrimination by showing

"that he was (1) at least forty years old, (2) performing his job satisfactorily, (3) discharged, and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise 'giving rise to an inference of age discrimination.'" *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (*quoting Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir. 2000)). Plaintiff presents no facts from which the Court could infer that he was an employee of the named Defendant. In any event, individuals cannot be held liable for damages under the ADEA. *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993) (Congress imposed liability only on employers under the ADEA, not individuals). This claim is also subject to dismissal.

Accordingly, IT IS HEREBY ORDERED:

The complaint, ECF No. 1, is **DISMISSED with prejudice** for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Plaintiff at his last known address, and **CLOSE** the file.

**DATED** November 22, 2019.



THOMAS O. RICE
Chief United States District Judge